Argued October 17, affirmed December 4, 1978

FORESS SIGN COMPANY, *Appellant,*
*v.*
CITY OF WOODBURN et al, *Respondents.*
(No. 103205, CA 10338)

587 P2d 112

Robert L. Engle, Woodburn, argued the cause for appellant. With him on the brief was Eichsteadt, Bolland & Engle, Woodburn.

Richard L. Sadler and Walter W. McMonies, Jr., Portland, argued the cause and submitted the brief for respondents.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

**JOHNSON, J.**

Plaintiff appeals the trial court's dismissal of its suit to enjoin the City of Woodburn from enforcing a decision suspending a permit to erect a billboard. The record consists exclusively of the pleadings, Plaintiff's complaint merely alleges historical facts. It does not allege any illegal action by the city. In particular, plaintiff alleges that by city ordinance the Woodburn planning commission had "exclusive authority" to issue billboard permits, that the planning commission issued a permit to plaintiff on September 12, 1977, that the city council notified plaintiff on September 16, 1977, that the permit was suspended, and that on September 16, 1977, plaintiff was notified that the city council "had put a stop" on the permit until a new sign ordinance is adopted, or February 1, 1978, whichever came first.

Plaintiff argues that the city violated its own ordinance by overruling the planning commisssion. The complaint, however, fails to make any such allegation, nor does it allege the manner in which the city council took its action. The council has legislative authority to amend or repeal its own ordinances, including a delegation of authority to the planning commission. In the absence of any allegations or evidence to the contrary we must assume that the council acted with regularity. *See, e.g., Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 330 P2d 5 (1958).

Plaintiff also argues that it had obtained a vested right to erect the sign because it had relied on the permit, to its detriment, and had subsequently obtained an Oregon State Highway Commission permit. The argument fails because plaintiff had not alleged any such reliance.

Finally, plaintiff attempts to argue that the city violated due process by denying it an opportunity to be heard before the city council made its decision. There

[ 345 ]

is no allegation in the complaint to support this contention.

Affirmed.